FLORI v. THE CITY OF ST. LOUIS, *Appellant.*

**Municipal Liability for Damage by Wind.** A city is not liable in damages for injuries inflicted upon a person by the fall of a market house caused by a wind storm of unprecedented force and violence.

*Appeal from St. Louis Court of Appeals.*

*Leverett Bell* for appellant.

*Daily & Adams* and *H. A. Clover* for respondent.

NORTON, J.—This is an action to recover damages for injuries inflicted on Mary Flori by the prostration of a building known as Center Market, in the city of St. Louis, and is brought before us on appeal from the St. Louis court of appeals. The cause is reported in 3 Mo. App. Rep. 231, where the case is fully stated as well as the action taken by the circuit court during the progress of the trial, and relieves us of the necessity of repeating here what is said there.

It is, however, proper to say that there was evidence on the part of plaintiff tending to show that the roof of the market house was blown off and the wall prostrated by a wind storm neither unusual nor uncommon, and only of ordinary force and violence; there was also evidence on the part of defendant tending to show that the building was thrown down by a storm of unusual force, amounting to a cyclone. The controlling and principal question in the case, therefore, is, whether the wall was thrown down by an ordinary and usual wind storm, or by an extraordinary and unusual one. If by the former, the city is liable, if by the latter, it is not. The correctness of this doctrine seems to be conceded and is fully recognized by the court of appeals, but the circuit court failed to declare it, by refusing the following instruction : " If the jury believe from the evidence that the storm which overthrew the Center Market house on March 30th, 1872, was one of unusual force and violence, they will find

a verdict for defendant." It is said that the error com-
mitted in the refusal of the above instruction is cured by
the fact that the same principle was contained in the second
instruction given for plaintiff, and the first instruction given
for defendant. While the principle contained in the refused
instruction was embraced in the first given for defendant,
an examination of plaintiff's second instruction shows it to
be inconsistent with the said first instruction. The jury
are told in plaintiff's second instruction that " unless they
should believe that the wall blown down was so cast down
by the action of an unprecedented or extraordinary wind
storm, which was not reasonably to have been anticipated
by the city, they would find for plaintiff," while they are
told in defendant's second instruction that " if they believe
from the evidence that the market house in question was
overthrown by a storm of unusual force and violence, or
if they believe from the evidence that the Center Market
house, at the time of the accident, was fit and able to
withstand a storm of ordinary power, then, in either case,
they will find for defendant." These instructions are an-
tagonistic to each other, and cannot be reconciled. The
vice of the second instruction is to be found in the words
" which was not reasonably to have been anticipated by
the city."

There was no obligation on the city in the con-
struction and maintenance of the market house to antici-
pate unprecedented wind storms, as required by the
instruction. It would be strange doctrine to require de-
fendant to anticipate such a storm as had never before
occurred, and provide against it in the erection and main-
tenance of a market house. The utmost requirement that
could be exacted would be that they should keep the
building in such condition as would enable it to withstand
the ordinary force and power of ordinary and usual wind
storms. The interpolation or addition of the words above
quoted in plaintiff's second instruction was calculated to
mislead the jury and deprive defendant of the full benefit

of the declaration asked, viz.: that if the storm which overthrew the market house was one of unusual force and violence, they would find for defendant. Because of the misleading character of plaintiff's second instruction and its irreconcilability with defendant's first instruction, the judgment will be reversed and cause remanded, in which all concur. *Goetz v. Hannibal & St. Joseph R. R. Co.*, 50 Mo. 472; *Henschen v. O'Bannon*, 56 Mo. 290.

REVERSED.