THE CITY OF NEW KIOWA v. KATE CRAVEN, *as Administratrix of the estate of Thomas Craven, deceased.*

1. CITY PRISON—*Injuries Received by Prisoners — Liability.* The case of *La Clef v. City of Concordia,* 41 Kas. 323, followed.

2. ———— *Statutes, Construed.* Neither ¶ 1013, General Statutes of 1889, nor ¶ 3552, General Statutes of 1889, compels a city of the third class to keep and maintain a city prison, which shall be comfortable, suitable, and healthy. Paragraph 1013 gives a city marshal authority to keep all persons arrested in the city prison, county jail, or some other suitable and safe place. Paragraph 3552 concerns county jails only, and has no application to city prisons or jails.

*Error from Barber District Court.*

THE opinion states the case.

*E. Sample,* and *Chester I. Long,* for plaintiff in error.

*G. B. Wiley, W. S. Denton,* and *T. S. Brown,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 28th day of September, 1886, Thomas Craven, the husband of Mrs. Kate Craven, was arrested in the city of New Kiowa, in Barber county, by the city marshal, for being drunk in the streets of the city, and also for using indecent and profane language. He was taken to the city prison by the marshal, in the afternoon of the 28th of September, and confined in the jail until about 9 o'clock the next morning. On the 9th of October, 1886, he died. Subsequently, Mrs. Kate Craven, his widow, was appointed administratrix of his estate, and on the 3d day of December, 1886, she brought her action against the city of New Kiowa, a city of the third class, to recover the sum of $10,000. She alleged that the city prison was a small wooden building, poorly ventilated, dark, filthy, and uninhabitable; that the city of New Kiowa failed to properly ventilate the prison, or provide a bed for persons confined therein to sleep; that on account of the exposure and confinement in the prison, together

with being compelled to breathe the poisonous air thereof, her husband, Thomas Craven, contracted a violent disease, of which he afterward died.   Trial before the court, with a jury. The jury found a verdict for $1,000 against the city, and judgment was entered thereon.   The city excepted, and brings the case here.

It is contended, on the part of the city, that the case of *La Clef v. City of Concordia,* 41 Kas. 323, is decisive against the right of any recovery by the plaintiff below.   In that case, it was decided that—

"Where a person is confined in a city prison, upon a conviction for disturbing the peace and quiet of the city, the city is not liable for damages for injuries sustained by such person by reason of the bad character of the prison, or the negligence of the officer in charge of the same."

On the part of plaintiff below it is insisted that the La Clef case is not conclusive.   It is stated that there are statutes making it the duty of a city of the third class, to which class the city of New Kiowa belongs, if it undertakes to keep and maintain a city prison, that it shall be comfortable and safe. The only statutes referred to by counsel for plaintiff below in support of their assertion, are as follows: ¶ 1013, General Statutes of 1889, which reads:

"The marshal shall be chief of police, and shall at all times have power to make arrests with or without process, or order the arrest of all offenders against the laws of the state, or of the city, by day or by night; to keep all persons arrested in the city prison, county jail, or other proper place; to prevent their escape until a trial can be had before the proper officer; and to execute all processes issued by the police judge and delivered to him for that purpose."

And ¶ 3552, General Statutes of 1889, which provides:

"All prisoners shall be treated with humanity, and in a manner calculated to promote their reformation.   Juvenile prisoners shall be kept, if the jail will admit of it, in apartments separate from those containing more experienced and hardened criminals.   The visits of parents and friends, who desire to exert a moral influence over them, shall, at all reasonable times, be permitted."

Neither of these statutes makes it the duty of a city of the third class to keep or maintain a comfortable and safe city prison. Paragraph 1013 gives a city marshal authority to keep all persons arrested in the city prison, county jail, or other proper place. By this statute no duty is imposed upon the city. Paragraph 3552 is a part of the statute concerning county jails, and has no application to city prisons or jails. Notwithstanding this statute, it was decided in *Pfefferle v. Comm'rs of Lyon Co.*, 39 Kas. 432, that —

"A county is not liable to the inmates of its county jail for negligently permitting such jail to become and remain in such a bad condition that the inmates thereof become sick and diseased."

If a county is not liable under this statute for negligently permitting its jail to become and remain in a bad condition, certainly it cannot be claimed that this statute, which was adopted to control county jails and not city jails, will make a city liable for negligently permitting its jail to become and remain in an unhealthy condition. It would be illogical and unjust to hold a statute concerning county jails, that did not and could not make counties liable for failing to keep a comfortable and safe county jail, shall be so construed as to make cities liable for failing to keep a comfortable and safe city jail.

Upon the evidence presented upon the trial, the plaintiff below was not entitled to recover. (See, also, *Peters v. City of Lindsborg*, 40 Kas. 654.)

The judgment of the district court will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.