Spear, J.
Evidence was given at the trial by defendant tending to show that Church street is sixty-six feet in width, the portion south of Water street terminating at the Portage river two hundred and thirty-five feet distant, where there is a dock; that this part of Church street was not generally Used by the public, and by those who did use it in a limited way only, so that the traveled part of the street south from Water was only about twenty feet in width, the portion from the east of that track to the sidewalk on the east side of the street being more or less given up to grass and weeds and used largely by adjoining owners for storing agricultural implements and for showing them; that the bill board which was about fourteen feet long by twelve high, was erected at a place in Church street between the east sidewalk and the traveled track over a space which was considerably rough and broken and not convenient for driving' upon, was wholfy on Church street and about three feet from the south line of the sidewalk on Water street and parallel with it; that the board was not an obstruction to travel, and did not interfere with the ordinary use or travel on the street or sidewalks near it. Also, that the board was constructed in a good and substantial manner so as to be safe and free from danger under ordinary circumstances. Also, by both parties tending to show that at the time of the accident a wind of extraordinary violence was blowing which caused the board to fall upon the plaintiff. “There was a big gale of wind that day; it blew the bill board over on her,” says one wit *186 ness; “the wind was blowing very hard, a good deal harder than ordinary winds, stronger than ordinary high winds,” says another; “a very hurricane,” says a third; “a very high wind, higher_ than usual, an unusually high wind, ” says a fourth. And more to the same effect. As applicable to this evidence the defendant requested the court to instruct the jury that; “if you find from the evidence adduced, that the bill board was constructed in a good and substantial manner, that it was safe and free from danger under all ordinary circumstances, and that it was so constructed as not to interfere in any manner with the ordinary use of or travel on the streets or sidewalks near or about it, and that the fall of the bill board was caused by an unprecedented or extraordinary wind storm — I say to you that you must find for the defendant-in this action.”
The instruction was not given either in form or substance, but the charge as given permitted the jury to return a verdict for the plaintiff notwithstanding they might find that the conditions assumed in the request were established by the evidence.
In this we think the trial court erred. A municipal corporation is not an insurer against accidents upon its streets and sidewalks. It is held to reasonable care only in the keeping of its streets free from nuisance; impracticable things are not required, nor is the municipality bound to anticipate improbable or unprecedented events and provide against their possible results. To be bound to provide against unprecedented storms, therefore, is to be required to use extraordinary, or the highest degree of care. Hence, in this case, if the bill board was not in itself a nuisance, *187 i. e., if it was so placed as not to interfere in any manner with the ordinary use of or travel on the streets or sidewalks near or about it, and was constructed in a good substantial manner, so that it was safe and free from danger under all ordinary circumstances, and its fall was caused by an extraordinary or unprecedented wind storm, the village could not be held liable. Chase v. Cleveland, 44 Ohio St., 505; Railway Co. v. Brigham, 29 Ohio St., 374; 1 Am. & Eng. Ency. of Law, 176, 177; same volume 24, p. 91; 2 Dillon’s Mun. Corp., section 1019; Chicago v. McGiven, 78 Ill., 347; Quincy v. Barker, 81 Ill., 300; Brown v. Glasgow, 57 Mo., 156; Flori v. St. Louis, 69 Mo., 341; Howard v. North Bridgewater, 16 Pick, 189; Jones v. Boston, 104 Mass., 75; Hewison v. New Haven, 34 Conn., 136; Allegheny v. Zimmerman, 95 Pa. St., 287.
Judgments reversed and cause remanded.