## LONG *v.* CITY OF ELBERTON.·

1. The erection of a prison by the municipal authorities of a city within the limits thereof is not an invasion of the property rights of the owner of adjacent lands, and, therefore, not the foundation of an action for damages against the city.
2. After the erection of such a building, it is the duty of the public authorities to use and maintain the same in a proper and orderly manner; and if they permit it to be so negligently kept as to create a nuisance, the damage caused thereby may give a right of action to one who sustains special and particular injury, not for the erection, but for such negligent maintenance.

Argued June 7,—Decided October 28, 1899.

Action for damages. Before Judge Reese. Elbert superior court. September term, 1899.

*J. P. Shannon* and *P. P. Proffitt*, for plaintiff.
*I. C. VanDuzer* and *J. N. Worley*, for defendant.

LITTLE, J. The plaintiff instituted an action to recover damages against the City of Elberton. He alleged, that he was the owner of a hotel building in said city, and eight brick storehouses adjoining and opposite his hotel; that he expended a large sum of money in the erection of said buildings, which before the damage complained of were worth a large amount of money; that he and his family reside in the hotel, and that the same was made comfortable and pleasant for his family as well as his guests; that during the year 1897 the City of Elberton, without the consent of petitioner and against his protest, erected within one hundred feet of his property a building known as the city prison, which is a brick structure containing offices for the city and a number of prison cells and lockups in which violators of the city laws are confined; that these are frequently drunk, boisterous, profane, obscene, and offensive, and that frequently crowds of objectionable persons are gathered around the city prison to the annoyance of the neighborhood; that the building is not provided with waterworks or sewers, and that slops and filth are carried therefrom daily in full view of the public; that the prison emits foul air and unwholesome stenches, and the inmates make discordant

and savage noises, and that the city convicts are kept therein; that this building is so situated that it stands broadside to the hotel building, with no obstruction between the two buildings, and all the unpleasant accompaniments of the prison are in full view of the windows and piazzas of the hotel and of persons dwelling therein or on the grounds attached thereto.  He alleges that the same is a nuisance; that he endeavored to induce the city authorities not to construct the building at that place, informing them that it would injure his business, and the value of his property, but they did so over his protest.  He alleges that the erection of the prison was a violation of the public duty and a reckless disregard for his rights, and the maintenance of the same as situated is a gross wrong; that it renders his home undesirable and his hotel building less desirable for a hotel, his storerooms less valuable for business, and has injured the market value of all his property above described, whereby he has been damaged the sum of five thousand dollars; that the city authorities could easily have erected said prison elsewhere where the damage it would cause would have been insignificant; that he himself offered to the city a lot in rear of his property, which was convenient in every respect, but they refused to erect the prison on that lot; that it was located in its present place as the result of bad faith and on account of ill will to petitioner.  He alleges that the prison and the manner in which it is used and kept is a nuisance and has greatly damaged his property, and that its erection was, and its maintenance is, a direct invasion of his rights, for which he is entitled to recover damages under the constitution and laws of this State.  The petition, as amended, was demurred to generally.  The court sustained the demurrer, and the plaintiff excepted.

It is claimed by counsel for the plaintiff, that since the adoption of the constitution of 1877 a municipal corporation is liable to an individual for damages to private property, to the same extent and under the same circumstances that it is liable for property taken for public purposes; and we understand the present action is based on the provision of that constitution which declares that private property shall not be taken

or *damaged* for public purposes without just and adequate compensation being first paid. Civil Code, § 5729. It is contended that the erection of the city prison in Elberton, and the use of said building for the confinement of violators of the law, in close proximity to the property of the plaintiff, has depreciated the value of said property, and therefore damaged it in the sense contemplated by the constitution. It is not necessary in this case that the meaning of the word *damaged* in the constitution shall be either considered or discussed. It was passed on by this court in the case of *Austin* v. *Augusta Terminal Railway Company,* 108 *Ga.* 671.

The simple erection of a necessary prison building can not, without more, so injure adjacent property as to entitle the owner to have damages for such erection. No one is so hindered in the use of his property and so restricted as to the character of buildings he shall put upon it, as to make it necessary to consult adjacent lot owners in reference to the improvements to be made. The lot being his own property, the owner may put it to such use as he sees proper, provided the buildings and improvements made by him do not infringe the legal right of his neighbor to the similar enjoyment of his own property. A log house on a fashionable street may be built alongside of a palace, and by its erection the value of the latter may be depreciated, but that depreciation is *damnum absque injuria.* The owner of the lot has as much right to erect the hut as the other has to build his palace — no more, no less; but if the hut or the palace be so used as to interfere in the lawful enjoyment of his property by the other, there the damage with a right to compensation exists. If noxious gases from a business carried on in either befoul the air which the other is entitled to have without it — if the flow of poisonous fluids from a manufactory carried on at either place sterilizes the land of the other — if offensive smells emanate from the one and affect the health of those dwelling in the other, then there is a cause of injury which the law will redress, because the use which brings about any of these things is an infringement on the right of the other; but none can be allowed for the character of the building. The municipal authorities of the

City of Elberton, being invested with certain powers of government, had a legal right (being necessary to the exercise of those powers) to erect a building for the purpose of furnishing public offices and maintaining a prison in which might be securely kept violators of the law; and the rule is clearly established, that a corporation authorized by the law to do a particular thing, so long as it keeps within the scope of the power granted, is completely protected from proceedings either at law or in equity in behalf of the public therefor (2 Wood on Nuisances, § 753), and that if in the discharge of a duty imposed by law it proceeds in a careful and prudent manner, the damages resulting therefrom to individuals are *damnum absque injuria.* 99 U. S. 635; 88 Pa. St. 309; 69 Mo. 341; 38 Mich. 315.

In the case of *Bacon* v. *Walker*, 77 *Ga.* 338, this court, Chief Justice Jackson delivering the opinion, said: "It is true that nobody would be pleased at the erection of a jail in the vicinity of his residence, but it must be built somewhere. It is a public necessity. It is authorized by law. In no sense, or rather in no legal sense, is it a nuisance. Nothing that is legal in its erection can be a nuisance *per se*; much less can that which public necessity demands be one." It "must be built in some part of the city and near to somebody's house . . . ; and equity will not stop the public works because of such damage." And in the case of *Pause* v. *Atlanta*, 98 *Ga.* 103, this court through Atkinson, J., said: "A distinction should be borne in mind between those cases where one seeks to recover because of the appropriation by the public to the public use of private property, and damages to one's property sustained in consequence of the construction of such public improvement, and that other class of cases in which, though one's property be neither appropriated nor damaged, yet in consequence of the construction of such improvement one suffers damage resulting from personal inconvenience, and consequent damage in the conduct of one's business. In the former cases the right of compensation is a matter of principle; the amount of damage, a mere matter of degree. However slight or however great one's damage may be, he is nevertheless entitled to compensation. In the latter class of cases some-

thing more must appear than mere damage or inconvenience. It must be made to appear that in the construction of such an improvement the municipal authorities have been guilty of negligence, omission of duty or negligent commission of an act authorized by law, in order to authorize a recovery." Under the authority of the cases cited, the plaintiff was not entitled to recover for the erection of the prison. Undoubtedly, it added nothing which was desirable to the neighborhood, and detracted much from it, but this and similar inconveniences are to be borne by the citizen in the vicinity of whose property such public buildings are located, and for his inconvenience and depreciation in values in property so occasioned the law affords no compensation. It does not, however, follow, because the erection of such a building was a public necessity and, the authorities had the right to select the lot upon which it was erected, that it can be so maintained as to perpetuate a nuisance. While the authorities have a right to use and maintain it for the purposes intended, the duty rests upon them to maintain it in a proper manner, and if such maintenance after its erection should prove a nuisance, it is the right of any citizen of Elberton, or other person interested, either to abate the same, or, if special and particular damage is caused to him, to obtain proper compensation for his injury. 2 Wood on Nuisances, § 748. Inasmuch, however, as the petition seeks to recover damages from the city for the erection and maintenance of the building as a prison, and the law nowhere authorizes such to be given under the circumstances detailed in his petition, the court committed no error in sustaining the demurrer thereto, and the judgment is

*Affirmed. All the Justices concurring.*