## 29559.  ARCHER *v.* CITY OF AUSTELL.

DECIDED DECEMBER 4, 1942.

494

*David Gershon,* for plaintiff. *Sam J. Welsch,* for defendant.

STEPHENS, P. J. (After stating the foregoing facts.) "Municipal corporations shall not be liable for failure to perform, or for errors in performing, their legislative or judicial powers. For neglect to perform, or for improper or unskillful performance of their ministerial duties, they shall be liable." Code § 69-301. The maintenance of a jail by a municipality is a governmental function, and the municipality is not liable for injury to a prisoner resulting entirely from the negligent maintenance and keeping of the prison. *Gray* v. *Griffin,* 111 *Ga.* 361 (36 S. E. 792, 51 L. R. A. 131); *Long* v. *Elberton,* 109 *Ga.* 28, 32 (34 S. E. 333, 46 L. R. A. 428, 77 Am. St. R. 363). In *Nisbet* v. *Atlanta,* 97 *Ga.* 650 (25 S. E. 173), the Supreme Court ruled: "A municipal corporation is not liable in damages for the death of one convicted in a corporation court and sentenced to work upon the public streets, although his death was occasioned while the convict was engaged in such work, and resulted from negligence on the part of the foreman who had been placed by the municipal authorities in charge thereof, and from the failure of such foreman to provide the convict, after his injury, with proper medical attention and treatment." The court said that the reason the municipality was

not liable in such case was because at the time "the municipal corporation is exercising governmental powers and discharging governmental duties."

In Brown v. Guyandotte, 34 W. Va. 299 (12 S. E. 707, 11 L. R. A. 121), quoted in *Gray* v. *Griffin,* supra, it was held: "A town is not liable for damages for the death of a person caused by the burning of its jail while such person was confined therein for a violation of its ordinances, though such fire was attributable to the wrongful act or negligence of the officers or agents of the town." It was stated that this was so because the duty and function of keeping a jail and confining therein offenders against municipal ordinances were plainly purely governmental in character. In Gullikson v. McDonald, 62 Minn. 278 (64 N. W. 812), quoted in *Gray* v. *Griffin,* supra, the Supreme Court of that State ruled: "A municipal corporation is not liable for negligently maintaining its lockup in a defective and unfit condition, by reason of which a prisoner confined therein is injured." Other cases along the same line are LeClef v. Concordia, 41 Kan. 323 (21 Pac. 272, 13 Am. St. R. 285) ; City of New Kiowa v. Craven, 46 Kan. 114 (26 Pac. 426) ; Blake v. Pontiac, 49 Ill. App. 543; Kelly v. Cook, 21 R. I. 29 (41 Atl. 571, 5 Am. Neg. R. 94) ; Eddy v. Ellicotville, 35 App. Div. 256 (54 N. Y. Supp. 800). The case of *Gray* v. *Griffin,* supra, turned upon the theory that in caring for persons under arrest for violation of municipal ordinances a municipality was discharging "a public duty."

"A municipal corporation shall not be liable for the torts of policemen or other officers engaged in the discharge of the duties imposed on them by law." Code § 69-307. "For acts done in the illegal performance of purely governmental functions, however illegally the authority may be exercised, the municipality is not liable." *Davis* v. *Rome, 23 Ga. App.* 188 (3) (98 S. E. 231). The town marshal of Austell in arresting and placing in the town lockup a person for drunken driving would be engaged in the discharge of a duty imposed on him by law. In *Wilson* v. *Macon,* 88 *Ga.* 455 (14 S. E. 710), the Supreme Court held: "A municipal corporation is not liable for personal injuries sustained by one prisoner at the hands of another confined in the same cell or room of the city prison, notwithstanding the police officer who arrested the plaintiff and put him in prison may have been guilty of wrong

or negligence in confining him with an intoxicated fellow prisoner who was on that account violent and dangerous." It appeared from the allegations in that case as follows: "All of said injuries were the result of the negligence of the agents and servants of the city in the discharge of their ministerial duties, and their utter disregard for plaintiff's safety in so confining him with a man who was wild with drink, which fact was at the time well known to said agents and servants, and in not coming to his rescue for so long a time after he began to call for help, for in fact the agent and servant whose duty it was to keep the prison and receive and care for prisoners, wholly neglected to respond to plaintiff's call for help, and Bernard [the fellow prisoner] continued to beat him in the most brutal manner until a person far off in the street heard his cries and came to his assistance." The court affirmed the judgment sustaining the general demurrer.

In *Long* v. *Elberton,* supra, it was held that while the municipal authorities have a right to use and maintain a city jail "for the purposes intended, the duty rests upon them to maintain it in a proper manner, and if such maintenance after its erection should prove a nuisance, it is the right of any citizen [thereof] or other person interested, either to abate the same, or, if special and particular damage is caused to him, to obtain proper compensation for his injury." "Where a municipal corporation creates or permits a nuisance by nonfeasance or misfeasance, it is guilty of tort, and like a private corporation or individual, and to the same extent, is liable for damages in a civil action to any person suffering special injury therefrom." 43 C. J. 956, § 1734; *City of Macon* v. *Roy,* 34 *Ga. App.* 603 (130 S. E. 700); *Lewis* v. *Moultrie,* 27 *Ga. App.* 757 (110 S. E. 625); *City of Dublin* v. *Kea,* 20 *Ga. App.* 718 (93 S. E. 229). The rule that the municipal corporation is liable for the creation or maintenance of a nuisance on municipal property has been applied to the establishment and maintenance of prisons and workhouses. 43 C. J. 957, citing District of Columbia *v.* Totten, 55 App. D. C. 312 (5 Fed. 2d, 374, 40 A. L. R. 1461), and *Long* v. *Elberton,* supra.

It appears from the petition that the death of the plaintiff's husband was not caused by a nuisance, but was proximately caused by the act of the marshal, after he had placed the prisoner in jail and built a fire in the heater therein, in closing the solid wooden

outside door, and, with knowledge that with the door closed the ventilation in the jail would be inadequate, particularly in the event of smoke being emitted therein, walking away, leaving the prisoner therein. It therefore follows that the petition failed to show any liability on the part of the municipality for the death of the plaintiff's husband, and was properly dismissed by the court on general demurrer.

*Judgment affirmed. Sutton and Felton, JJ., concur.*