45768.   WINSTON v. CITY OF AUSTELL et al.

JORDAN, Presiding Judge. Myrtle Lovejoy died as the result of burns received from a fire which started in the cell in which she was confined in the jail operated by the City of Austell. Her administratrix sought damages from the City of Austell

and C. D. Hamby, the Chief of Police. The complaint is in four counts, and includes allegations of negligence and nuisance as the cause of death, allegations to show the dependency of a surviving sister and contribution to her support, and allegations that the City of Austell had procured liability insurance which by its terms covers the death. The administratrix appeals from the order of the trial judge dismissing the complaint. *Held:*

1. The city is protected from liability in the operation of a jail as a governmental function to the extent shown by the ruling in *Archer v. City of Austell,* 68 Ga. App. 493 (23 SE2d 512). See *Code* §§ 69-301, 69-307.

2. Absent statutory authority limiting the application of the provisions of *Code* § 79-301 et seq., the procurement of liability insurance by the city does not constitute a waiver of the defense of sovereign immunity insofar as this defense bars recovery for damages caused by the performance of a governmental function in a negligent manner.

3. While *Code Ann.* § 56-2437 is a conditional limitation on the doctrine of sovereign immunity, the meaning of "such insurance" as used therein is governed by the preceding language referring to "insurance to cover liability . . . arising by reason of ownership, maintenance, operation, or use of any motor vehicle by the municipal corporation" and cannot be construed to mean liability insurance generally so that procurement of general liability insurance would create a waiver of sovereign immunity in respect to activities beyond the scope of the activities specifically mentioned in the statute.

4. Nothing appears in the petition to warrant the conclusion, as a matter of law, that the intestate caused her own death, to the exclusion of the alleged negligence of the chief of police. The allegations are therefore sufficient under the notice pleading requirements now in effect to allow the submission of evidence to a jury for determination of whether the individual defendant was negligent, and if so, whether his negligence caused or contributed to the death. *Thomas v. Williams,* 105 Ga. App. 321, 326 (124 SE2d 409).

5. Likewise, the allegations that the "[d]eceased lived with her sister . . . and said sister was dependent upon Myrtle Lovejoy,

and said deceased contributed to the support of said sister" are sufficient to allow proof of dependency and contribution for jury determination to meet the requirements of *Code Ann.* § 105- 1309.

6. The allegations are also sufficient to allow proof of the claim based on the theory of nuisance. In this respect the City of Austell is in the same position as an individual or private corporation. *Town of Fort Oglethorpe v. Phillips,* 224 Ga. 834, 837 (165 SE2d 141).

7. For the foregoing reasons the pleadings are sufficient to state a claim against the individual defendant on the theory of negligence, and against both defendants on the theory of nuisance, and the trial judge erred in dismissing the complaint.

*Judgment reversed. Eberhardt, J., concurs in the judgment. Pannell, J., concurs specially.*

SUBMITTED NOVEMBER 2, 1970—DECIDED JANUARY 11, 1971.

*C. Lawrence Jewett,* for appellant.

*Dunaway, Shelfer, Haas & Newberry, John A. Dunaway, Hugh F. Newberry, Bruce B. Weddell, Harold S. Willingham, G. Robert Howard,* for appellees.

PANNELL, Judge, concurring specially. Since this case deals with pleadings only, I concur with the holding. I concur in Headnote 6 only because of the holding in *Town of Fort Oglethorpe v. Phillips,* 224 Ga. 834 (165 SE2d 141).