Cherry S. TUCKER, Individually and as wife and next friend of and for John V. Tucker, Plaintiff,

v.

Ronnie THOMPSON, Individually and as Mayor of the City of Macon, Georgia, et al., Defendants.

No. 75–1–MAC.

United States District Court, M. D. Georgia, Macon Division.

Aug. 5, 1976.

298

Charles M. Jones, Jones, Osteen & Jones, Hinesville, Ga., Carl D. Dawson, Dawson, Galant, Maddox, Sulik & Nichols, Jacksonville, Fla., for plaintiff.

H. T. O'Neal, Jr., Manley F. Brown, Macon, Ga., for defendants Thompson and Stokes.

Joseph H. Davis, T. Reese Watkins, Harris, Watkins, Taylor & Davis, Macon, Ga., for defendants.

OWENS, District Judge:

Plaintiff, Mrs. Cherry S. Tucker, a Florida citizen, filed her complaint against the City of Macon, former Macon police officer Charles Carey Stokes and former Macon Mayor Ronnie Thompson alleging that she is entitled to money damages for the wrongful death of her deceased husband John V. Tucker caused by his being assaulted, struck and beaten in the city jail by officer Stokes while under arrest for being drunk in a public place, the bar of the Ramada Inn. Mrs. Tucker asserts that this court has jurisdiction under 28 U.S.C. § 1332(a)[1] because she is a Florida citizen and under 28 U.S.C. § 1331(a).[2] She further asserts that under the laws of the State of Georgia, which control her diversity of citizenship claims, all defendants are liable to her and that under the Constitution and laws of the United States all defendants are also liable to her. Mrs. Tucker has moved for summary judgment against all defendants; defendant Thompson has moved for summary judgment and the City of Macon has moved to dismiss Mrs. Tucker's complaint for failure to state a claim against the city and also for summary judgment.

In the case of *United States v. Charles Carey Stokes,* Cr. No. 9086, Macon Division of this court, defendant Stokes was found guilty on January 16, 1974, by a jury of wilfully assaulting, striking and beating plaintiff's deceased husband and thereby depriving him of his constitutional right to not be deprived of his liberty without due process of law in violation of 18 U.S.C. § 242.[3] That conviction was affirmed upon appeal. 506 F.2d 771 (5th Cir. 1975). At the time of that trial Mr. Tucker was in a coma and while his death was expected, it had not occurred.[4] All parties have incorporated the transcript of the evidence presented during that trial in their motions.

## DEFENDANT RONNIE THOMPSON

The undisputed facts show absolutely no connection between the misconduct of Officer Stokes and Mayor Thompson's conduct as Mayor. Regardless of what the Mayor did or failed to do as Mayor, for Mrs.

---

1. 28 U.S.C. § 1332(a) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—
   (1) citizens of different States;
   (2) citizens of a State, and foreign states or citizens or subjects thereof; and
   "(3) citizens of different States and in which foreign states or citizens or subjects thereof are additional parties."

2. 28 U.S.C. § 1331(a) provides: "The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

3. 18 U.S.C. § 242 provides: Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such inhabitant being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined not more than $1,000 or imprisoned not more than one year, or both; and if death results shall be subject to imprisonment for any term of years or for life.

4. Mr. Tucker died the same day that Officer Stokes' conviction was affirmed upon appeal.

Tucker to have a claim against him she must establish that the Mayor in some way caused Officer Stokes' misconduct. There is no genuine issue as to these material facts, and Mayor Thompson is therefore entitled to a judgment in his favor as a matter of law. Rule 56, Federal Rules of Civil Procedure.

## THE CITY OF MACON

### 1. *Liability under State Law —*

■■■ The City of Macon as a municipal corporation is immune under Georgia law for the intentional torts of its police officers, *McElroy v. City Council of Albany,* 65 Ga. 387 (1880); *Doster v. City of Atlanta,* 72 Ga. 233 (1884); *Greenway v. Thompson,* 368 F.Supp. 387 (N.D.Ga.1973), and is likewise immune for the negligent conduct of its police officers. *Wilson v. Mayor & Council of the City of Macon,* 88 Ga. 455, 14 S.E. 710 (1892); *Nisbet v. City of Atlanta,* 97 Ga. 650, 25 S.E. 173 (1896). These long standing principles of Georgia law are found in 1933 Ga.Code § 69–307:

"A municipal corporation shall not be liable for the torts of policemen or other officers engaged in the discharge of the duties imposed on them by law."

While the conduct of Officer Stokes cannot therefore be a basis for liability of the City of Macon, there is a possibility of liability resulting from the condition and operation of the jail if the plaintiff can factually establish that the jail itself was an actionable nuisance. As was said in *Town of Fort Oglethorpe v. Phillips,* 224 Ga. 834, 838, 165 S.E.2d 141, 144 (1968), the "active operation and maintenance of a dangerous condition [in Fort Oglethorpe a defective traffic light—here a series of possibly dangerous steep steps which drunks were expected to descend without assistance] and knowingly allowing such condition to continue" is an actionable nuisance. It thus cannot now be said that Mrs. Tucker's complaint fails to state a claim against the City of Macon under state law or that the city as a matter of law is entitled to summary judgment. *See also Winston v. City of*

*Austell,* 123 Ga.App. 183, 179 S.E.2d 665 (1971).

### 2. *Liability Under Federal Law —*

■ It is conclusively established that a city is not a "person" under 42 U.S.C. § 1983, the Civil Rights Act of 1871, which provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

*Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). As such Mrs. Tucker cannot sue the City of Macon under that statute.

In 1875—four years after the passage of the Civil Rights Act of 1871—Congress enacted the general federal question statute now codified as 28 U.S.C. § 1331 which provides:

"(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.

"(b) Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff is finally adjudged to be entitled to recover less than the sum or value of $10,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interests and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff."

On June 1, 1976, the Fifth Circuit Court of Appeals in *Reeves v. City of Jackson, Miss.,* 532 F.2d 491 (1976), held that an individual's complaint alleging personal in-

jury resulting from the deprivation of his Fourth, Eighth and Fourteenth Amendment constitutional rights stated a claim against the City of Jackson over which the district court had federal question jurisdiction under § 1331. This puts the Fifth Circuit in agreement with the Seventh Circuit. *Calvin v. Conlisk,* 520 F.2d 1 (7th Cir. 1975); *Hostrop v. Bd. of Jr. College Dist. No. 515,* 523 F.2d 569 (7th Cir. 1975). While the Supreme Court has not decided this question, it has, when it had the opportunity to do otherwise, refrained from holding that a district court does not have jurisdiction of a city under § 1331 for such claims. It refrained by remanding the complaint against the city in *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), for the district court to determine solely whether or not the "matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs . . . ." The city was being sued for depriving the plaintiffs of their Fourteenth Amendment procedural due process rights by virtue of the manner in which their applications for renewal of their liquor licenses were rejected. If the Supreme Court had been of the opinion that regardless of the amount in controversy, no federal question jurisdiction existed against the city, it would not have remanded with instructions to the district court to consider the amount in controversy.

 While many additional reasons could be given for this court's conclusion, these authorities are more than adequate to support this court's opinion that Mrs. Tucker's [5] claim that her husband's death resulted from the deprivation of his Fourteenth Amendment constitutional rights, states a cause of action against the City of Macon over which this court has general federal question jurisdiction under 28 U.S.C. § 1331. *See also,* Note, Damage Remedies Against Municipalities for Constitutional Violations, 89 Harv.L.Rev. 922 (1976).

### EFFECT OF CRIMINAL CONVICTION UPON ISSUE OF DEFENDANT STOKES CIVIL LIABILITY

While defendant Stokes in his criminal trial may have had "his day in court" and while his conviction may be decisive on the issue of his civil liability, see *Breeland v. Security Ins. Co. of New Haven,* 421 F.2d 918 (5th Cir. 1969); *United States v. Frank,* 494 F.2d 145, 159–60 (2d Cir. 1974); *Willis v. Fournier,* 418 F.Supp. 265 (M.D.Ga.), aff'd, 437 F.2d 1142 (5th Cir. 1976) (table), be he liable or not there must be a jury trial to determine whether or not the City of Macon is liable. The court therefore reserves its ruling on Mrs. Tucker's motion for summary judgment against defendant Stokes until the conclusion of this case.

Accordingly, defendant Thompson's motion for summary judgment is granted, a ruling upon Mrs. Tucker's motion for summary judgment against defendant Stokes is deferred until the case is tried, and the City of Macon's motion to dismiss for failure to state a claim upon which relief can be granted is denied. Also, the City of Macon's motion for summary judgment is denied.

---

**5.** Mrs. Tucker as Mr. Tucker's widow and survivor has a federal cause of action. *Brazier v. Cherry,* 293 F.2d 401 (5th Cir. 1961).