**Lillie ANDERSON, Individually and on behalf of Patrice Lummumba Anderson and Patrice Laudetta Anderson, Plaintiffs,**

v.

**Sanford JONES, Individually and as Chief Marshal of the State Court of Fulton County; and Curtis Wright, Individually and as Deputy Marshal of the State Court of Fulton County; and the County of Fulton, Defendants.**

Civ. A. No. C 78–1994 A.

United States District Court,
N. D. Ga.,
Atlanta Division.

Sept. 19, 1980.

Philip S. Davi, Atlanta, Ga., for plaintiffs.

Griffin Patrick, Jr., and Douglas B. Warner, Patrick, Warner & Bramhall, Atlanta, Ga., for defendants.

ORDER

VINING, District Judge.

This civil rights action was filed under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, by the widow and two children of Mr. Lee Anderson, who was killed while deputy marshals for the State Court of Fulton County were attempting to execute a writ of possession to remove Anderson and Mr. Nicky Goar from certain premises located at 1485 Westwood Avenue, S.W., Atlanta, Georgia. The plaintiffs allege that the

death of Anderson was a result of a conspiracy to use unlawful force against him and further allege that the defendants violated Mr. Anderson's constitutional rights under the First, Fifth, Eighth, and Fourteenth amendments. These allegations are denied by the defendants, who take the position that the death of Anderson was justifiable homicide, which occurred only after Anderson and Goar attempted with firearms to resist a lawful eviction, which also resulted in the death of one deputy marshal. A wrongful death action is presently pending in the Superior Court of Fulton County, Georgia, and this federal action consists of claims only for alleged violations of the civil rights of the plaintiffs' decedent.

Pending is the defendants' motion to dismiss for lack of standing and for failure to state a claim. The defendants base their contention of lack of standing on the plaintiffs' failure to sue as representatives of the estate.

■ As stated above, the plaintiffs have pursued in federal court only their claim for alleged deprivations of their decedent's civil rights. The defendants accurately recite the general law: the right to sue lies clearly with the injured party, but if the injured party dies as a result of the deprivation of his civil rights, the state statutes on survivorship of tort claims govern.

In *Brazier v. Cherry*, 293 F.2d 401 (5th Cir. 1961), the Fifth Circuit acknowledged that the federal civil rights laws do not speak to survivorship of actions and the courts must, therefore, look to the laws of the states in which they sit to determine if that state provides for survivorship of a given cause of action. It is undisputed that under the applicable state statute, Ga.Code Ann. § 3–505, the decedent's claim for damages sustained during his lifetime survives:

> No action for a tort shall abate by the death of either party, where the wrongdoer received any benefit from the tort complained of; nor shall any action, or cause of action, for the recovery of damages for homicide, injury to person, or injury to property abate by the death of either party; but such cause of action, in

case of the death of the plaintiff, shall, in the event there is no right of survivorship in any other person, survive to the personal representative of the deceased plaintiff . . . .

Although section 3–505 allows for the survivorship of tort actions in Georgia, it is distinct from and should not be confused with the Georgia wrongful death statute, Ga.Code Ann. § 105–1301 *et seq.*, which creates a *new* cause of action in certain individuals for recovery of the full value of the life of the deceased. Thus, these Georgia statutes prescribe separate and distinct causes of action: Section 3–505 is for the survival of the decedent's cause of action— here, violations of his civil rights; the other for injury inflicted upon the survivor—the wrongful death claim. *See Brazier v. Cherry, supra,* at 407 n. 15. The wrongful death action in the instant situation properly belongs to the decedent's spouse, Lillie Anderson, under Ga.Code Ann. § 105–1302, and she is, in fact, pursuing that action in the Superior Court of Fulton County; however, section 3–505 provides "for the survival to the administrator of causes of action that exist under the deceased person before his death." *Complete Auto Transit, Inc. v. Floyd,* 214 Ga. 232, 238, 104 S.E.2d 208 (1958). Indeed, the defendants argue that in Georgia the tort claims of a deceased party pass only to his personal representative. Here, the plaintiffs have sued as individuals rather than as the personal representatives of the deceased and, consequently, the defendants claim that standing is lacking.

The plaintiffs, however, argue that the right of action survives to the personal representative only if "there is no right of survivorship in any other person." This position represents their interpretation of section 3–505, which they buttress by citing *Brazier v. Cherry, supra,* and *Tucker v. Thompson,* 421 F.Supp. 297 (M.D.Ga.1976). *Tucker* was an action brought under 42 U.S.C. § 1983, individually, by the widow of the deceased. The court found, "Mrs. Tucker as Mr. Tucker's widow and survivor has a federal cause of action. *Brazier v. Cherry,*

293 F.2d 401 (5th Cir. 1961)." 421 F.Supp. at 300 n. 5. Both the plaintiffs and the *Tucker* court have misread the *Brazier* case. The Fifth Circuit in *Brazier* noted that it did not need to differentiate between actions for wrongful death and actions for violations of the civil rights statutes:

> Since Georgia now provides both for survival of the claim which the decedent had for damages sustained during his lifetime as well as a right of recovery to his surviving widow and others for homicide, ... we need not differentiate between the two types of actions.

293 F.2d at 409. The plaintiffs and the *Tucker* court both interpreted that conclusion to mean that it did not matter whether an action for violations of a deceased individual's civil rights was brought by the surviving widow and others or by the administratrix of the decedent's estate. However, the Fifth Circuit was merely noting that because the plaintiff in *Brazier* was suing in her capacity as an individual (widow) as well as in her capacity as administratrix, it did not need to differentiate between an action for wrongful death and an action for a violation of the Civil Rights Statutes. It is because she was suing in these two capacities that the court saw no reason to differentiate between the two causes of action, not because the causes of action themselves were not subject to differentiation. Indeed, the *Brazier* court cited *Floyd, supra*, earlier in its opinion; the Georgia Supreme Court in that case read Ga.Code Ann. § 3–505 as clearly providing for the survival of an action to the administrator. Consequently, the court finds *Brazier* and *Floyd*, and not *Tucker*, to be controlling.

The plaintiffs further argue that because Mrs. Anderson registered as the personal representative of the deceased on September 12, 1980, the defendants' assertions are moot. The court disagrees. The focus is on the capacity in which this action was brought, not on whether the plaintiffs would have a right of action and standing if the suit was properly brought.

The action *sub judice* was not brought by the administratrix of Anderson's estate but, rather, by his wife and children as individuals. Since the controlling Georgia law provides that only the administratrix may maintain this action, there is no right of action in the plaintiffs and they also lack standing in this case. Consequently, the court hereby GRANTS the defendants' motion to dismiss; there is no right of action in the plaintiffs, and they lack standing.