### 9673.   DAVIS *v.* CITY OF ROME.

JENKINS, J.   1. The writ of error in this case having been originally filed in the Supreme Court, and that court having by formal order transferred it to this court, the transfer of the case is equivalent to a holding by the Supreme Court that the constitutional questions which the plaintiff in error attempts to raise by the writ are not properly made.

2. Under the ruling made by the Supreme Court in *Marks* v. *Rome*, 145 *Ga.* 399 (2) (89 S. E. 324), the charter for that municipality establishes a recorder's court. Furthermore, if one in point of fact has been tried, convicted, and sentenced by the municipal authorities sitting as a recorder's court, and the defendant, at the time of the trial, raised no objection as to the competency of the tribunal sitting as such, and entered no exception to the judgment thus rendered, he can not, in an action subsequently brought against the city for the fine paid and the value of the services rendered under the sentence imposed, and for the alleged tortious and illegal acts of the subordinate municipal officers, done while he was in their custody, collaterally attack the competency of the court rendering judgment against him. *Mayor &c. of Brunswick* v. *Sims*, 14 *Ga. App.* 315 (80 S. E. 730). See also *Bartlett* v. *Columbus*, 101 *Ga.* 300 (28 S. E. 599, 44 L. R. A. 795).

3. In so far as the petition shows, the alleged tortious acts complained of relate solely to the conduct of the city's subordinate officials done in the performance of its governmental functions, and do not in anywise relate to any act done in connection with the corporate affairs of the municipality. For acts done in the illegal performance of purely governmental functions, however illegally the authority may be exercised, the municipality is not liable. Thus, even though the sentence imposed by the recorder might have been wholly void, and although the alleged acts of the warden might have been both tortious and illegal, the court

did not err in sustaining the demurrer interposed by the defendant municipality. *Attaway* v. *Cartersville*, 68 *Ga.* 740; *Gray* v. *Griffin*, 111 *Ga.* 361, 368 (36 S. E. 792, 51 L. R. A. 131); *Doster* v. *Atlanta*, 72 *Ga.* 233; *Hammond* v. *County of Richmond*, Id. 188; *Bartlett* v. *Columbus*, supra; Gilmor *v.* Salt Lake City, 32 Utah, 180 (89 Pac. 714, 12 L. R. A. (N. S.) 537, note, 13 Ann. Cas. 1016); 20 Am. & Eng. Ency. Law, (2d ed.) 1193, 1194. Nor can a municipality ratify the unlawful acts of its subordinate officials done in pursuance of its governmental functions, so as thereby to make itself liable for such acts. Caldwell *v.* Boone, 51 Iowa, 687 (2 N. W. 614, 33 Am. R. 154); Peters *v.* Lindsborg, 40 Kan. 654 (20 Pac. 490).

        *Judgment affirmed. Wade, C. J., and Luke, J., concur.*

DECIDED JANUARY 14, 1919. REHEARING DENIED JANUARY 28, 1919.

Action for damages; from Floyd superior court—Judge Wright. January 15, 1918.

*Henry Walker*, for plaintiff

*Max Meyerhardt*, for defendant.