24652. Kendrick, administrator, *v.* Adamson, sheriff, *et al.*

Sutton, J. 1. Where a sheriff has charge of the county jail and one of his deputies is jailer and lives in the jail house, the sheriff and the sureties on his official bond would be liable for any negligence in the performance of acts colore officii by such deputy, or for his failure to perform a duty imposed by law, regarding a prisoner placed in his care and custody. 57 C. J. 799, 1015, §§ 195, 795; *Re Stephens,* 1 Ga. 584; *Matthis* v. *Pollard,* 3 Ga. 1; *Crawford* v. *Howard,* 9 Ga. 314; *Robertson* v. *Smith,* 16 Ga. App. 760 (85 S. E. 988); *Richards* v. *American Surety Co.,* 48 Ga. App. 102 (171 S. E. 924); Kusah *v.* McCorkle, 100 Wash. 318 (170 Pac. 1023, L. R. A. 1918C, 1158).

2. A sheriff owes to a prisoner placed in his custody a duty to keep the prisoner safely and free from harm, to render him medical aid when necessary, and to treat him humanely and refrain from oppressing him; and where a sheriff is negligent in his care and custody of a prisoner, and as a result the prisoner receives injury or meets his death, or where a sheriff fails in the performance of his duty to the prisoner and the latter suffers injury or meets his death as a result of such failure, the sheriff, would, in a proper case, be liable on his official bond, to the injured prisoner or to his dependents as the case might be. 57 C. J. 899, 1044, §§ 512, 958; 50 C. J. 339, 340, §§ 29, 30; Penal Code of 1910 §§ 786, 1149, 1150, 1156; Code of 1933, §§ 26-2303, 77-101-102, 77-110.

3. However, as in the case sub judice, where a prisoner has been placed in the custody of and accepted by a sheriff through his deputy, the jailer of the county, and where the prisoner is drunk and as a result of his drunkenness sets fire to himself and is burned to death, the sheriff and the sureties on his official bond are not liable to the dependents of the deceased prisoner, upon the ground that the jailer was negligent in incarcerating him in a cell by himself without first searching him and removing from his person any object or article with which he might in-

flict injury upon himself or others, such as matches, and on the ground that the jailor did not respond to the drunken cries of the prisoner for help. Under the allegations of the petition in this case, it appears that the death of the plaintiff's intestate was brought about by his own act in setting fire to himself, and the fact that he was intoxicated would not render the sheriff liable where the prisoner burned himself to death. Drunkenness would not be an excuse for the act of the deceased in the premises. Plaintiff's intestate was the author of his own injury. No negligence upon the part of the jailor in the performance of his duties, nor failure in the performance of his legal duties, resulting in the death of the deceased prisoner, is shown, entitling the plaintiff to recover as against the sheriff and the sureties on his official bond; and the trial judge properly held that the petition did not set out a cause of action against the sheriff and the sureties on his official bond, and dismissed the same. See *Powell* v. *Berry*, 145 *Ga.* 696 (89 S. E. 753, L. R. A. 1917A, 306); *S. A. L. Ry.* v. *Chapman*, 4 *Ga. App.* 706 (62 S. E. 488); *Fairburn & Atlanta Ry. & El. Co.* v. *Latham*, 26 *Ga. App.* 698 (107 S. E. 88). The court properly dismissed plaintiff's petition, on demurrer.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 15, 1935. REHEARING DENIED JULY 2, 1935.

W. B. Hollingsworth, J. E. Jackson Jr., for plaintiff.
J. E. Mundy, O. J. Coogler, for defendants.