31649.   CRAPPS *v.* MANGHAM.

DECIDED SEPTEMBER 3, 1947.

*R. L. Maynard, Smith & Undercofler,* for plaintiff.

*H. B. Williams, S. H. Dykes,* for defendant.

FELTON, J. Assuming the truth of the allegations of the petition as against demurrer, the petition set forth a cause of action, and the court erred in sustaining the general demurrers. It is alleged that the plaintiff and his scaffold were plainly visible to any motorist or any other person approaching the filling station from any direction; that the defendant drove his truck into the filling station, stopped his truck in front of the plaintiff and his scaffold, got out, went into the office of the filling station, returned a few minutes later, stopped momentarily to speak to a filling-station attendant of and concerning the plaintiff and his work, spoke to the plaintiff in passing, re-entered his truck, and instead of backing up and turning his truck so as to avoid striking the plaintiff and the scaffold, which was some six feet in height and consisted of a plank supported between two ladders, drove straight ahead, running into the scaffold and throwing the plaintiff to the ground, which the plaintiff alleged was gross negligence and wilfully done. The plaintiff further alleged that he was without any fault or negligence on his part.

"Although the negligence with which a defendant is charged may be characterized in the plaintiff's petition as wilful and wanton, if the specific facts alleged do not warrant such conclusion the rule of duty which merely requires the exercise of ordinary care and diligence is not affected thereby. . . The legal conclusions of the court are to be drawn from the statements of fact contained in the pleadings, unaffected by the conclusions of the pleader." *Western Union Telegraph Co.* v. *Harris,* 6 *Ga. App.* 260 (64 S. E. 1123) ; *Central of Ga. Ry. Co.* v. *Moore,* 5 *Ga. App.* 562 (63 S. E. 642) ; *Standard Oil Co.* v. *Parrish,* 40 *Ga. App.* 814 (151 S. E. 541). In the application of this rule we are firmly of the opinion that the petition set forth a cause of action. The plaintiff clearly had a right to occupy the position in which the defendant found him. He was not a trespasser in the fulfillment of his duty of painting the filling station. Under the allegations of the petition the defendant saw the plaintiff with his own eyes in his position atop the scaffold, which was located directly in front of and in the path of the defendant's truck, the defendant spoke to the plaintiff and was therefore consciously aware of his presence. Yet, the defendant returned to his truck and instead of turning aside to avoid striking the plaintiff's scaffold, he drove straight forward into it. Under such circumstances, the defendant will not be heard by this court to say that the plaintiff had negligently placed himself in a position of peril and had negligently failed to post signs, barriers, or other warning devices to indicate the plaintiff's presence in that position of peril. The defendant saw and spoke to the plaintiff in that position of peril and whether or not the plaintiff was negligent in those regards, the defendant was under the duty to exercise ordinary care not to injure him. "Even though a person's own acts may have placed him in a position of peril, yet if another acts or omits to act with knowledge of the peril, and injury results, the injured person is entitled to recover." 38 Am. Jur. 904, § 218. For a detailed discussion of the doctrine of last clear chance, see *Lovett* v. *Sandersville R. Co.,* 72 *Ga. App.* 692 (34 S. E. 2d, 664) (certiorari denied), and cit. Whether or not the defendant was in the exercise of ordinary care in attempting to drive his truck under the plaintiff's scaffold, or whether or not he realized the plaintiff to be in a perilous position, even after speaking to him

and seeing his position, are questions of fact exclusively for the jury.

We are cognizant of the rulings in *Moore* v. *Seaboard Air-Line Ry. Co.,* 30 *Ga. App.* 466 (118 S. E. 471), upon which counsel for the defendant rely so strongly, and they are not applicable to the facts of this case. Under the facts of that case, the decedent discovered the defendant's negligence or in the exercise of ordinary care could have discovered it, and the use by the decedent of his senses of sight and hearing in an ordinarily diligent manner could have prevented the casualty from occurring. In this case, it would seem, under the allegations of the petition, that the converse is true. That, however, as we have said above, is a question of fact for the jury, and as was said in the sixth headnote of that case, "Every case of this character must stand largely upon its own facts."

The petition set forth a cause of action for simple negligence and the court erred in sustaining the general demurrer. Furthermore, there was no special demurrer to the petition on the ground that it was duplicitous; and under the facts of the petition a cause of action was set forth for wilful misconduct, and the plaintiff would be entitled to present his proof under either theory.

*Judgment reversed. Sutton, C. J., and Parker, J., concur.*