**36178.** Chadwick v. Stewart et al.

Quillian, J. 1. One who drives an automobile in which another rides over a highway of the State at approximately 85 miles per hour, and does not have the vehicle under proper control, and fails to keep a look-out ahead, does not exercise ordinary care for the safety of the passenger. *O'Dowd* v. *Newnham*, 13 *Ga. App.* 220 (80 S. E. 36); *Jordan* v. *Lee*, 51 *Ga. App.* 99 (179 S. E. 739); *Moore* v. *Bryan*, 52 *Ga. App.* 272, 283 (183 S. E. 117).

2. A deputy sheriff transporting a prisoner in his custody from one place to another owes the prisoner the duty to exercise ordinary care while driving the vehicle in which the prisoner is required to ride. While transporting a prisoner in an automobile, a deputy sheriff has dominion over the prisoner and control of the vehicle. No duty devolves upon the prisoner to suggest or direct the manner in which the officer drives. For a similar holding, see *Chattahoochee Brick Co.* v. *Braswell*, 92 *Ga.* 631 (18 S. E. 1015).

3. A sheriff is liable for the negligent acts of his deputy when such acts are done virtute officii or colore officii. Code § 24-201; *Culpepper* v. *United States Fidelity &c. Co.*, 199 *Ga.* 56 (33 S. E. 2d 168). In the present case, the deputy was transporting a prisoner who was injured due to the alleged negligent acts of the deputy. This was clearly an act done colore officii. The petition having set forth a cause of action against the deputy, it likewise set forth a cause of action against the sheriff who directed the deputy to transport the prisoner. *Culpepper* v. *United States Fidelity &c. Co.*, supra; *Gay* v. *Healan*, 88 *Ga. App.* 533, 534 (77 S. E. 2d

330

47), and others which hold the sheriff was not liable for the negligent acts of his deputy, are distinguishable from the case at bar because in those cases the injury was done to a person who was in no way connected with the official act of the deputy.

4. The trial judge erred in sustaining the general demurrers as to both defendants.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*

Decided September 20, 1956.

*D. L. Lomenick, Jr., R. L. Denman,* for plaintiff in error. *Bobby Lee Cook,* contra.