### 39194. THOMAS v. WILLIAMS *et al.*

DECIDED FEBRUARY 15, 1962.

324

*Grubbs & Prosser, J. M. Grubbs,* for plaintiff in error.
*Webb & Fowler, W. Howard Fowler,* contra.

HALL, Judge.  ■  The defendant in error has moved to dismiss the writ of error on the ground that the assignment of error is

incomplete and defective for the reason that it does not properly assign error on a final judgment. The plaintiff in error specifically assigned error on the sustaining of a general demurrer to his petition. He then stated in his bill of exceptions that "if it had been rendered as claimed and contended by the plaintiff in error, [the judgment] would have been a final disposition of the cause of the plaintiff in error . . ."

It is true that every fact essential to the jurisdiction of this court should be affirmatively shown, either in the bill of exceptions or the record. *Sellers v. McNair*, 42 Ga. App. 731, 734 (157 SE 373). However, in case of a conflict between the bill of exceptions and the record, the latter controls. *Howell v. Seigler*, 89 Ga. App. 221 (3) (78 SE2d 874); *Saliba v. Saliba,* 201 Ga. 681 (1) (40 SE2d 732). Here the record shows that a general demurrer to the petition has been sustained and that the plaintiff in error has assigned error on such judgment. There being an assignment of error on the final judgment, the motion to dismiss is denied.

When a city "maintains a prison wherein to confine offenders, for the purpose of punishment of those charged with offenses, for safe-keeping until they can be tried," it is exercising a governmental power; and for the negligence of its officers in exercising this power it is not liable. *Gray v. Mayor &c. of Griffin*, 111 Ga. 361, 363 (36 SE 792, 51 LRA 131); *Archer v. City of Austell*, 68 Ga. App. 493 (23 SE2d 512). That a municipality cannot be held responsible for the negligence or misconduct of officers in their performance of governmental functions, is a rule that as recently as 1951 has been firmly adhered to by the Supreme Court of Georgia, as shown by *City of Atlanta v. Hurley*, 83 Ga. App. 879 (65 SE2d 44), certiorari dismissed 208 Ga. 457 (67 SE2d 571), and the cases discussed therein. It is also clear that a municipal corporation is not liable for illegal arrests or tortious conduct of its police officers in the discharge of their duties. *Code* § 69-307; *Gray v. Mayor &c. of Griffin*, 111 Ga. 361, 368, supra. Whether we prefer these rules or the decisions in other jurisdictions, which have been ably argued by the plaintiff, the decisions of the Supreme Court of Georgia are binding on this court as prece-

dents. Art. VI, Sec. II, Par. VIII, Constitution of the State of Georgia. (*Code Ann.* § 2-3708).

The trial court did not err in sustaining the city's demurrers.

■ We now reach the question—what was the duty owed by the officer to the prisoner, now deceased?

In *Kendrick v. Adamson,* 51 Ga. App. 402 (180 SE 647), it was held: "A sheriff owes to a prisoner placed in his custody a duty to keep the prisoner safely and free from harm, to render him medical aid when necessary, and to treat him humanely and refrain from oppressing him; and where a sheriff is negligent in his care and custody of a prisoner, and as a result the prisoner receives injury or meets his death, or where a sheriff fails in the performance of his duty to the prisoner and the latter suffers injury or meets his death as a result of such failure, the sheriff would, in a proper case, be liable on his official bond, to the injured prisoner or to his dependents as the case might be. . ." This case establishes the standard of care owed by a law enforcement officer to a prisoner placed in his care and custody— to keep the prisoner safe and free from harm, to render him medical aid when necessary, and to treat him humanely and refrain from oppressing him. Georgia is in accord with the majority of courts in imposing this standard of care. Anno. 14 ALR 2d 354.

We recognize the general rule argued by the defendant that in many circumstances a person has no legal duty to assist another human being who is in danger. However, when some special relation exists between the parties, social policy may justify the imposition of a duty to assist or rescue one in peril. Prosser on Torts (2d ed.) 184, § 38. That such a special relation exists between an officer and the prisoner in his custody has been decided. *Kendrick v. Adamson,* 51 Ga. App. 402, supra.

It is also recognized that if the defendant's own negligence has been responsible for the plaintiff's situation, a relation has arisen which imposes a duty to make a reasonable effort to give assistance, and avoid any further harm. 65 C.J.S. 550, § 55; Prosser on Torts (2d ed.) 185, § 38. Accord, *Hardy v. Brooks,* 103 Ga. App. 124, 126 (118 SE2d 492).

The most common test of negligence is whether the conse-

quences of the alleged wrongful act are reasonably to be foreseen as injurious to others coming within the range of such acts, and what is reasonably to be foreseen is generally a question for the jury. *Central of Ga. Ry. Co. v. Roberts,* 94 Ga. App. 600, 610 (95 SE2d 693), reversed on other grounds, 213 Ga. 135 (97 SE2d 149); *Crapps v. Mangham,* 75 Ga. App. 563, 566 (44 SE2d 133). The question for the jury is whether danger should have been recognized by common experience, or by the special experience of the alleged wrongdoer, or by a person of ordinary prudence and foresight. *Norris v. Macon Terminal Co.,* 58 Ga. App. 313, 317 (198 SE 272); 38 Am. Jur. 669, § 24; 65 C. J. S. 353, § 5.

In the performance of his duty to exercise ordinary diligence to keep his prisoner safe and free from harm, an officer having custody of a prisoner, when he has knowledge of facts from which it might be concluded that the prisoner may harm himself or others unless preclusive measures are taken, must use reasonable care to prevent such harm. In some circumstances reasonable care may require the officer to act affirmatively to fulfill this duty.

The present petition presents these questions which must be decided by the jury:

Was the officer negligent in leaving the prisoner incarcerated in a close cell and unattended, with a lighted cigarette and matches on his person, when he knew the prisoner was partially unconscious and helpless?

Should the officer, under the circumstances, in the exercise of his duty to keep the prisoner safe and free from harm, have immediately rescued the prisoner upon becoming aware of the fire in the cell?

Was the officer negligent in pumping water on the burning mattress in the prisoner's cell, in that he should, in the exercise of ordinary care, have anticipated that this would increase the danger to the prisoner?

The rule cited by the defendant's counsel, that "no one is bound to guard against or take measures to avert that which, under the circumstances, a reasonably prudent person would not anticipate as likely to happen" (*Pfeifer v. Yellow Cab Co.,*

88 Ga. App. 221, 226, 76 SE2d 225), does not require a holding that the officer was not negligent as a matter of law. 38 Am. Jur. 665, § 23, 667, § 24; Vol. II, Restatement of Torts, 762, § 289; 2 Harper and James, The Law of Torts, 907 et seq., § 16.5; 936, § 16.10; 964, § 17.1.

The petition alleges that the prisoner was helplessly drunk. Does this fact alter the conclusion we have reached above?

Counsel for defendants argues that the prisoner in getting drunk failed to exercise ordinary care for his own safety "and another can not be held liable for injuries thus occasioned." *Southland Butane Gas Co. v. Blackwell*, 211 Ga. 665 (88 SE2d 6), upon which the officer relies, does not support this argument. That case is distinguishable in important respects: The injured plaintiff there was not in the custody of the defendant, and the defendant had nothing to do with his being where he was. The plaintiff was helplessly drunk, but was voluntarily in the place of peril where he was injured. The defendant did not know of his helplessness until (if at all) his body came into defendant's view on the highway, at which time he was unable to avoid hitting plaintiff in spite of every effort on his part. The defendant's duty was held to be the same as that which is owed by landowners to trespassers—to exercise ordinary care not to injure them after becoming aware of their presence. The Supreme Court held that the motorist did not owe to the drunk plaintiff the duty normally owed to persons lawfully on the public highway—to exercise ordinary care to look out for and discover their presence.

The allegations in the present case show that the officer took custody of the prisoner and incarcerated him in a very close cell knowing that he was helpless and "partially unconscious." The prisoner may have been drunk voluntarily, but he was not in the cell voluntarily. The prisoner was not in the class of a trespasser at the place where he was injured. See *Crapps v. Mangham*, 75 Ga. App. 563, supra; *Lovett v. Sandersville R. Co.*, 72 Ga. App. 692, 698 (34 SE2d 664). The defendant knew he was there and knew, or had reason to know, of his condition at all times.

The law is that "A person is charged with knowledge that a

màn staggering drunk is incapable of exercising ordinary care for his own safety, and he is bound to deal with him with that fact in mind." *Bennett Drug Stores v. Mosely,* 67 Ga. App. 347, 349 (20 SE2d 208). The present petition alleges that the officer had knowledge of the prisoner's helpless condition. If this be true, the officer in performing his duty to exercise ordinary diligence to keep the prisoner safe and free from harm, was bound to deal with him with his condition in mind.

We recognize that the petition in the *Kendrick* case, supra, which showed that the drunk prisoner by his own act set fire to himself, was held to set out no cause of action for negligence by allegations that the jailer incarcerated the prisoner without first searching and taking away from him articles such as matches with which he might inflict injury. The allegations in the present case, showing that the prisoner was helpless and partially unconscious and that the officer knew this and knew there was a means of harm on his person and in his surroundings, set it apart from the *Kendrick* case.

■ What we have said in the fifth paragraph of Division 3 applies also to the allegations that the defendant Williams interfered and prevented other persons from removing the deceased from the cell and was negligent therein. Vol. I, Restatement of Torts, 830, § 305; Prosser on Torts (2d ed.) 188, § 38.

The trial court erred in sustaining the demurrers of the defendant officer and the defendant Williams.

*Motion to dismiss bill of exceptions denied. Judgment discussed in Division 2 of opinion affirmed. Judgment discussed in Divisions 3 and 4 of opinion reversed. Felton, C. J., and Bell, J., concur.*