43908.     FIDELITY-PHENIX   INSURANCE   COMPANY
v. MAULDIN.

SUBMITTED SEPTEMBER 6, 1968—DECIDED SEPTEMBER 27, 1968.

402

*Clary & Kent, Horace T. Clary,* for appellant.

*Greene & Greene, William B. Greene, Wright, Walther & Morgan, Robert G. Walther,* for appellee.

QUILLIAN, Judge. The appellant contends that as a matter of law the plaintiff could not maintain the action against it. The appellant urges that a surety's engagement rests on the same legal obligation as is by law imposed on the officer and that the surety may plead anything which the officer might plead in his denial of liability on the bond; that public officers, when acting within their duty and authority, are not liable for their acts unless such are wilful, malicious and reckless with wanton disregard for the safety or rights of others. 43 AmJur 181, Public Officers, § 407; *Vickers v. Motte,* 109 Ga. App. 615 (137 SE2d 77). See *City of Atlanta v. Hurley,* 83 Ga. App. 879, 881 (65 SE2d 44). From this he concludes that if a public officer is not liable for an act of misfeasance or nonfeasance when acting within the scope of his authority, he would not be liable for a subordinate's act performed within the same scope of authority.

There is no merit in this contention. *Code Ann.* § 77-316 (Ga. L. 1956, pp. 161, 176; Ga. L. 1957, pp. 477, 481) provides that the State Board of Corrections shall require a warden to execute a bond in an amount not less than $10,000 conditioned upon: (1) his faithfully accounting for all funds in his custody and (2) his truly and faithfully discharging all the duties imposed upon him by law or the rules and regulations of the State Board of Corrections. The Act further provides: "All bonds given under this section shall be liable for any breach of the conditions herein provided by a deputy, agent, or subordinate of such principal, whether expressed therein or not, and all such bonds shall be subject to and governed by all the provisions of Chapter 89-4, as now existing or as may hereafter be amended, which are not in conflict with the provisions of this section." *Code Ann.* § 77-316 (2c). "Suits on bonds taken from public officers may be brought by any person aggrieved by the official misconduct of the officer, in his own name, in any court in this State having jurisdiction thereof, without an order for that purpose." *Code*

*Ann.* § 89-420 (Ga. L. 1959, pp. 411, 412). "Every official bond executed under this Code is obligatory on the principal and sureties thereon. . . For the use and benefit of every person who is injured, either by any wrongful act committed under color of his office or by his failure to perform, or by the improper or neglectful performance of those duties imposed by law." *Code Ann.* § 89-418 (4).

Our courts have consistently held that a sheriff is liable for the torts of his deputy committed in the performance of his official duty and that the surety on the sheriff's official bond is likewise liable. *Hawkins v. National Surety Corp.,* 63 Ga. App. 367 (1) (11 SE2d 250); *Standard Surety &c. Co. of N. Y. v. Johnson,* 74 Ga. App. 823 (3) (41 SE2d 576). As held in *Robertson v. Smith,* 16 Ga. App. 767 (1) (85 SE 991): "A sheriff's bond is obligatory on the principals and sureties thereof for any breach of the condition by a deputy, although not expressed, unless otherwise declared by law, and for the use and benefit of every person who is injured, as well by any wrongful act committed under color of his office as by failure to perform, or by the improper or neglectful performance of those duties imposed by law."

The appellant contends that the cases involving a sheriff's bond are not applicable because the law specifically provides that the bonds are conditioned upon faithful performance by the sheriff and their deputies or jailers. *Code* § 24-2805, as amended (Ga. L. 1965, p. 448), and § 24-2812. This argument apparently overlooks the fact that, under *Code Ann.* § 77-316, above cited, the warden's bond is obligatory on the principal and surety thereof for any breach of the conditions by a deputy, agent or subordinate of the principal. Thus, it is apparent that the cases involving sheriff's bonds are directly analogous to the situation in the instant case.

It appears from the facts in this case that the warden was covered by a bond on which Fidelity was the surety at the time of the acts complained of; that the guard Umphrey was a subordinate of Caldwell, the warden, within the meaning of *Code Ann.* § 77-316; that Umphrey acted wilfully and in complete disregard of the safety of the deceased Mauldin (under the plaintiff's

theory of this case although the defendant disputed this fact); that this constituted a failure to discharge a duty imposed upon him by the regulations of the State Board of Corrections and was a wrongful act committed under color of office or, at least, an improper or neglectful performance of duties imposed by law. For cases involving the duty of jailers or custodians to inmates or prisoners see: *Kendrick v. Adamson,* 51 Ga. App. 402 (1, 2) (180 SE 647); *Chadwick v. Stewart,* 94 Ga. App. 329 (2, 3) (94 SE2d 502); *Thomas v. Williams,* 105 Ga. App. 321, 326 (124 SE2d 409); *Irwin v. Arrendale,* 117 Ga. App. 1, 3 (159 SE2d 719). Thus, the trial judge did not err in denying the motion for summary judgment.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*