44428. PRICE v. ARRENDALE et al.

ARGUED APRIL 9, 1969—DECIDED APRIL 24, 1969.

*Jones, Kemp & Osteen, Charles M. Jones,* for appellant.

*Arthur K. Bolton, Attorney General, Marion O. Gordon, Courtney Wilder Stanton, Assistant Attorneys General, Smith, Cohen, Ringel, Kohler, Martin & Lowe, H. A. Stephens, Jr.,* for appellees.

EBERHARDT, Judge. ■ The basis asserted for the claim of duress in signing the operative permit consists of plaintiff's statements in his counter-affidavit that he requested that any operation to be performed on his ankle be done at Talmadge Memorial Hospital in Augusta; that these requests were refused, Dr. Arrendale stating that any operation would be performed by him at the prison or there would be no operation; that on the morning of the operation he was given a permit and told to sign it or forget about any medical attention; and that he had no choice but to sign because he could not go on suffering the the pain.

These averments of plaintiff's affidavits are insufficient as a matter of law to establish duress. There are no statements that he was actually forced by the prison authorities to undergo the operation. The gist of the matter is plaintiff's lack of choice as to where and by whom the surgery was to be performed. We do not conceive that such lack of choice in and of itself constitutes duress. In any event plaintiff was lawfully incarcerated, and his lack of choice was not the result of unlawful pressures but was rather the result of his confinement. Being lawfully confined plaintiff was rendered unable to exercise the

options normally open to a person not laboring under such restraint. If the State were required to afford all of its prisoners a choice as to where and by whom they are to be treated in the event of injury it would impose an unreasonable burden on the State, both as to cost and as to security. "Legal imprisonment, if not used for illegal purposes, is not duress." *Code* § 20-503.

There was no error in granting Dr. Arrendale's motion for summary judgment as to Count 1 of the complaint.

■ Nor was there error in granting American Casualty's motion to dismiss as to it, treating the motion as one for summary judgment. See *Brackett v. H. R. Block & Co.,* 119 Ga. App. 144 (166 SE2d 369). It is argued by plaintiff that the bond is a statutory one pursuant to *Code Ann.* § 77-316. That section provides in general that the Board of Corrections shall require the *chief custodial officer* of penal institutions to execute a bond with good securities, conditioned, inter alia, to truly and faithfully discharge his duties. It further provides that other officials and employees may be required by the board to give bond; and that bonds given under this section shall be liable for any breach by a deputy, agent, or subordinate of such *principal,* whether expressed thereon or not, and such bonds shall be subject to *Code Ch.* 89-4. See, e.g., *Code* § 89-418, providing that a bond executed under this chapter is obligatory on the principal and sureties thereon for the use and benefit of every person who is injured, either by any wrongful act committed under color of his office or by his failure to perform, or by the improper or neglectful performance of those duties imposed by law.

However, the bond here in question is not a statutory one pursuant to *Code Ann.* § 77-316 of which plaintiff may have the benefit, but is rather what has been termed a bond "in the nature of a policy of fidelity insurance" insuring only the board and the Prison Industries Administration for loss caused to the *insured* through acts of the employees. *Mayor &c. of Brunswick v. Harvey,* 114 Ga. 733, 735 (40 SE 754). Contrary to the allegations of the complaint, the evidence before the court discloses that Dr. Arrendale posted no bond. Neither a custodial officer nor Dr. Arrendale is an obligor or principal on the bond,

and in order to comply with *Code Ann.* § 77-316 the custodial officer or Dr. Arrendale should be one of the obligors. Hence, the bond is not a statutory official one but is a "voluntary" or "common law" bond and can be enforced only according to the terms and obligations as stated in it. *Mayor &c. of Brunswick v. Harvey,* supra; *Collins v. United States Fidelity &c. Co.,* 72 Ga. App. 875 (35 SE2d 474). Since the only obligation of the bond is, in consideration of the premium, to indemnify the *board* and the *Prison Industries Administration* for "Loss caused to the *insured* through the failure of any of the employees . . . to perform faithfully his duties," it follows that the plaintiff may not maintain this suit jointly against American Casualty on the bond. Compare *Fidelity-Phenix Co. v. Mauldin,* 118 Ga. App. 401 (163 SE2d 834), where the warden of a public works camp executed as principal a statutory official bond under *Code Ann.* § 77-316.

*Judgment affirmed. Bell, P. J., and Deen, J., concur.*