## 45029. BUMBY & STIMPSON, INC. v. RAY.

JORDAN, Presiding Judge. The plaintiff alleges in substance that he sustained personal injuries by inhaling noxious fumes from three diesel engines which the defendant operated in close proximity to the plaintiff's place of work at a railroad signal tower. The defendant appeals from the denial of a summary judgment.

The defendant purports to show, in support of its motion for summary judgment, that any diesel engine which it operated near where the plaintiff was working was operating normally, that fumes emitted therefrom into open air are not harmful to persons working near such engines, that no injuries as alleged had ever occurred to others, that it had no knowledge of any unusual condition, and that no reason existed for it to anticipate any injury, if any in fact occurred.

It is argued that application of the rule of forseeability eliminates actionable negligence. The defendant quotes numerous statements of the rule, including the second headnote in *Misenhamer v. Pharr,* 99 Ga. App. 163 (107 SE2d 875): "Negligence is predicated on what should have been anticipated rather than on what happened, on faulty or defective foresight rather than on hindsight which reveals a mistake." To pierce the pleadings in this manner, however, and thus support the motion for summary judgment, requires a determination that the rules of foreseeability, as applied to the circumstance disclosed in the present case, precludes liability

as a matter of law. We think not. "The most common test of negligence is whether the consequences of the alleged wrongful act are reasonably to be foreseen as injurious to others coming within the range of such acts, and *what is reasonably to be foreseen is generally a question for the jury.* . . . The question for the jury is whether danger should have been recognized by common experience, or by the special experience of the alleged wrongdoer, or by a person of ordinary prudence and foresight." *Thomas v. Williams,* 105 Ga. App. 321, 326 (124 SE2d 409). Also, see *Stanley v. Squadrito,* 107 Ga. App. 651, 654 (131 SE2d 227).

The trial judge did not err in denying the defendant's motion for summary judgment.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*

ARGUED JANUARY 9, 1970—DECIDED FEBRUARY 26, 1970.

*Memory & Thomas, S. F. Memory, Jr.,* for appellant.
*Leon A. Wilson, II,* for appellee.