## 55889. CITY OF ATLANTA et al. v. FRY et al.

BANKE, Judge.

The appellees, two former Atlanta police officers, brought suit against the City of Atlanta, its Bureau of Police Services, and several members of the police hierarchy alleging that they had been demoted in violation of their constitutional rights. Specifically, they alleged that their demotions came about as a direct result of certain comments attributed to them in a newspaper article. The relief sought was back pay lost as a result of the demotion, plus costs and attorney fees. Following a trial by the court without a jury, the appellees were awarded a judgment against the city and the Bureau of Police Services for the amount claimed. For reasons unstated, the trial court did not include the individual defendants in the judgment but apparently exonerated them from liability. The city appeals. *Held:*

"A municipality is not liable for the negligence or misconduct of its officers in the performance of governmental functions." *Thomas v. Williams,* 105 Ga. App. 321 (2) (124 SE2d 409) (1962). See Code §§ 69-301, 69-307; *Davis v. City of Rome,* 23 Ga. App. 188 (3) (98 SE 231) (1919). It cannot be gainsaid that the operation of a police department, including the hiring, firing, promotion, demotion, and transfer of officers, is a governmental function. Therefore, the claim against the city and the Bureau of Police Services is barred, and the judgment against them must be reversed. Accord, *Echols v. DeKalb County,* 146 Ga. App. 560 (1978). See generally 57 AmJur2d 115, Municipal &c. Tort Liability, § 104; 62 CJS 1174, Municipal Corporations, §§ 584, 734. The appellees' only cause of action was against the individual officers responsible for their demotion.

The recent United States Supreme Court case of Monell v. Dept. of Social Services of the City of New York, 436 U. S. 658 (98 SC 2018, 56 LE2d 611) (1978), which has been alluded to, though not cited, by the appellees, does not require a different result. That case holds that "a local government may not be sued for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether

made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983. [Referring to 42 USC § 1983, which provides a federal cause of action for violation of federal constitutional rights.]" Monell, 56 LE2d, supra, 638. Assuming purely for the sake of argument that this decision would otherwise have any application to this case, there has been no evidence that the appellees' demotion came about as the result of the enforcement of an official city policy.

*Judgment reversed. Bell, C. J., Quillian, P. J., Shulman and Birdsong, JJ., concur. Deen, P. J., Webb, McMurray and Smith, JJ., dissent.*

ARGUED JUNE 5, 1978—DECIDED NOVEMBER 7, 1978— REHEARING DENIED DECEMBER 1, 1978—

*Ferrin Y. Mathews, John E. Dougherty, Nina M. Radakovich, Henry M. Murff,* for appellants.

*James C. Carr, Jr., Cullen M. Ward, Terry Pickren,* for appellees.

DEEN, Presiding Judge, dissenting.

1. I would affirm the judgment of the trial court. In the first place, the city does not deny the pleaded allegations that the plaintiffs (detectives with the City of Atlanta police force, demoted from the trained detective Decoy Squad to the rank of patrolman and who suffered a loss of pay of $4 per day as a result) were removed from the squad as the result of an interview published by local newspaper reporters which detailed some of their activities in disguising themselves as "winos" or cripples on city streets and parks, thereby flushing out a criminal element engaged in muggings in the area.

I agree that whether or not the action lies against the city and its Bureau of Police Services (the only appellants here) depends upon whether the basic question (the pay scale of the plaintiffs) must be classified as a governmental or a municipal (ministerial) activity. Our Code early in the history of the state provided that

municipal corporations shall be liable for the improper performance of their ministerial duties, but not for errors in performing their legislative or judicial (i.e.) governmental powers. Code § 69-301. The distinction has been long recognized. As stated in Seltenreich v. Town of Fairbanks, 103 FSupp. 319, 324, affd. 211 F2d 83, cert. den. 348 U. S. 887, the character of a municipal corporation is two-fold, one being governmental or legislative powers and the other its municipal or ministerial duties; the former being the exercise of delegated state power, and the latter being "for the private advantage of a compact community which is incorporated" as to which latter it has the rights and obligations of a private rather than a public corporation. In the absence of any law which I have been able to find to the contrary I prefer to regard the rating of these city employees (as ordinary patrolmen rather than Decoy Squad personnel) as a ministerial function in the day to day administration of a branch of the corporate enterprise. This being so, I would examine the case on its merits, and find ample evidence to support the judgment of the trial court to the effect that it was a breach of duty on the part of the city toward its employees to demote and reclassify them simply on the basis of an article (itself intended to be laudatory) appearing in the newspaper concerning them.

2. If I am wrong, and if decisions about the pay scale and duties of individual policemen are legislative and not municipal in character, then I read Monell v. Dept. of Social Services, 436 U. S. 658 (98 SC 2018, 56 LE2d 611), as a much broader holding than that acknowledged by the majority opinion. Specifically, "history confirms that local governments were intended to be included among the 'persons' to which § 1983 applies." 42 USC § 1983, which (Headnote 4 (d)) "unquestionably was intended to provide a remedy, to be broadly construed, against all forms of official violation of federally protected rights." Among the civil rights of these plaintiffs as members of the police force was that of not being capriciously transferred without cause to a less attractive and lower paying job from one in which they were paid at least partly by federal funds. Whatever "official city policy" there may

be in demoting policemen for undue relationships with newspaper reporters, it can only be surmised through the actions of the officer in charge of these departments.

Thus, if the act is indeed governmental, I believe Monell requires affirmance; if, as I am convinced, it is ministerial, Code § 69-301 requires the same result.

I am authorized to state that Judges Webb, McMurray and Smith join in this dissent.