## Williams v. Luzerne County

*Francis P. Burns*, for plaintiff.
*Joseph P. Mellody, Jr.*, for defendants.

DALESSANDRO, *J.*, February 25, 1981—This matter is before the court on defendants' motion for summary judgment.

### HISTORY AND FACTS

Plaintiff, Arlene Williams, individually and as executrix of the estate of Daniel R. Williams, deceased, instituted this wrongful death and survival action by writ of summons on July 25, 1979. She filed her complaint on October 10, 1979 in which she alleged that her husband's suicide of July 11, 1978, during his incarceration at the Luzerne County Prison, was caused by the carelessness, recklessness and negligence of defendants Luzerne County, Donald Dorris (Warden), John Doe, James Doe, Robert Doe, B. Pepperling and Dave Amico (prison guards). The parties thereafter engaged in substantial discovery, and on October 31, 1980 defendants filed a motion for summary judgment.

### DISCUSSION AND LAW

We note at the outset that our research has revealed no Pennsylvania case law on point. However, the parties in their briefs cite decisions from other

jurisdictions in which the courts have addressed the issue of the liability of prison officials for the suicide of an inmate. We find the reasoning and discussion in those cases persuasive and will apply the law, as set forth in Pretty on Top v. City of Hardin, 597 P.2d 58, 60-62 (Mont. 1979), to the instant action:

"A jailer owes a duty to the prisoner to keep him safe and to protect him from unnecessary harm. Reasonable and ordinary care must be exercised for the life and health of the prisoner [citations omitted]. As stated in Kendrick v. Adamson (1935), 51 Ga. App. 402, 180 S.E. 647, 'A sheriff owes to a prisoner placed in his custody a duty to keep the prisoner safely and free from harm, to render him medical aid when necessary, and to treat him humanely and refrain from oppressing him.'

"However, '. . . a jailer is not liable to a prisoner in his keeping for injuries resulting from the prisoner's own intentional conduct [citations omitted]. Absent some possible special circumstances a jailer is under no duty to prevent the latter from taking his own life.' Lucas v. City of Long Beach (1976), 60 Cal. App. 3d 341, 131 Cal. Rptr. 470.

"'Special circumstances' form the basis of virtually every decision involving a jailer's liability for a prisoner's acts of self-destruction. . . .

"The North Dakota Supreme Court [in Falkenstein v. City of Bismarck, 268 N.W. 2d 787 (N.D., 1978)] noted that, '[I]n most situations a death by suicide is not an actionable event because, even though there may have been tortious conduct preceding the suicide, the suicide is ordinarily considered as an intentional act not the result of the tort. This relieves the original actor of liability.' Therefore, a plaintiff does not have a cause of ac-

tion against a jailer for negligently causing the suicide of a prisoner unless 'special circumstances' are offered which elevate the jailer's duty of care and tend to prove that the jailer's acts or omissions constituted the proximate cause of the suicide, rather than the prisoner's own intentional conduct. The jailer is not an insurer of the safety of its prisoners. However, once the jailer knows or should know of the suicidal tendencies of a prisoner, a duty arises to provide reasonable care necessary to prevent the prisoner from committing suicide. The rule applies whether the prisoner is mentally anguished, helplessly intoxicated, or temporarily insane because of conditions forced upon him by the jailer."

With these principles in mind we turn to defendants' motion for summary judgment.

Pa.R.C.P. 1035(b) provides that summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In their motion defendants aver that they are entitled to summary judgment because (1) they at no time knew or should have known that the deceased had suicidal tendencies, (2) they breached no duty owed to him, (3) the suicide was not foreseeable, and (4) the suicide was the deceased's own volitional act and as such was a sufficient superceding and intervening act to cut off responsibility for any negligence of defendants. Although these argument might ultimately prevail at trial, for the reasons which follow we do not believe that we may properly grant defendants' motion.

As noted in Michigan Bank v. Steensen, 211 Pa.

Superior Ct. 405, 236 A.2d 565 (1967), in ruling upon a summary judgment motion a court must take the view of the evidence most favorable to the party against whom the motion is directed, giving to that party the benefit of all favorable inferences that might reasonably be drawn from the evidence. We have carefully examined the depositions of plaintiff and the parents of the deceased and have concluded that genuine issues do exist as to material facts. Defendants have not successfully carried their burden of demonstrating the absence of factual issues. Id.

For example, Mrs. Williams stated in her deposition that a prison guard overheard her July 10, 1978 conversation with her husband in which he mentioned suicide and his fear for his life. She also testified that another guard heard her relate the substance of that conversation to her in-laws a few minutes later. Similarly, the deceased's father stated that he spoke to several police officers about obtaining help for his son, that he told certain prison guards about his son's fear of physical harm, that he inquired about psychological assistance, and that his son's depressed state was readily observable. The deceased's mother testified that she asked Mr. Amico, one of the defendant's, about placing her son in a hospital ward and was told that it was not possible to do so.

While it is true, as defendants point out in their brief, that in most instances death by suicide is not actionable and that in the absence of special circumstances a jailer is under no duty to prevent a prisoner from taking his own life, Pretty on Top v. City of Hardin, supra, we believe that the evidence at this stage of the proceedings, albeit meager, is sufficient to create a factual dispute as to the

existence of special circumstances which would elevate defendants' duty to the deceased. Obviously, credibility of witnesses is also a key factor in this case, and it is not appropriate for us to resolve that issue on a summary judgment motion. Defendants' motion must therefore be denied.

## ORDER

It is hereby ordered that defendants' motion for summary judgment is denied.