### S08A1453. BOARD OF COMMISSIONERS OF SPALDING COUNTY v. STEWART.
(668 SE2d 644)

THOMPSON, Justice.

Sheriff Dee Stewart brought suit against the Board of Commissioners of Spalding County to determine, inter alia, whether the sheriff is authorized to enter into a contract to provide medical services to inmates at the county jail. Finding that the sheriff — and

---

not the board — is so authorized, the trial court enjoined the board from interfering with the sheriff's selection of a medical provider. This appeal followed.

In 2005 the board contracted with Georgia Correctional Health, LLC ("GCH") to provide medical services to prisoners at the jail. Although the contract was for a term of one year and was renewable by mutual agreement, it could be terminated by either party on 60 days notice. Two years later, the sheriff notified GCH that he intended to terminate the contract. Simultaneously, the sheriff entered into a medical services contract with Inmate Physician Services, Inc. ("IPS"). Thereafter, the board informed the sheriff that his attempt to terminate the contract with GCH was a nullity and that the contract between the sheriff and IPS was void.

The sheriff sued the board seeking a declaration of his rights and duties as a constitutional officer, an injunction preventing the board from interfering with his ability to contract for medical services, and a writ of mandamus compelling the board to honor his contract with IPS. The trial court granted declaratory relief, finding that, inasmuch as the sheriff is obligated to furnish medical aid to inmates at the jail, he is authorized to contract with a medical services provider to fulfill his obligation. The trial court added, however, that the sheriff cannot require the board "to pay monies which are not included in the budget." With regard to injunctive relief, the trial court enjoined the board from interfering with the sheriff's contract with IPS "only to the extent the [board] has sought to prevent the sheriff from selecting the independent contractor." The sheriff's request for a writ of mandamus was denied. The board appeals and we affirm.

1. A sheriff is an elected, independent constitutional officer who is not an employee of the board and is not, therefore, subject to the control of the board. *Bd. of Commrs. of Randolph County v. Wilson*, 260 Ga. 482 (396 SE2d 903) (1990). See also *Brown v. Dorsey*, 276 Ga. App. 851, 856 (1) (625 SE2d 16) (2005); OCGA § 15-16-1 et seq. The sheriff's duties include a duty to provide medical care to prisoners placed in his custody. OCGA § 42-4-4 (a) (2); *Kendrick v. Adamson*, 51 Ga. App. 402 (2) (180 SE 647) (1935). To fulfill that duty, the sheriff necessarily is vested with authority to enter into contracts with medical care providers. *Hill v. Clayton County Bd. of Commrs.*, 283 Ga. App. 15, 19 (1) (b) (640 SE2d 638) (2006). The board cannot control the sheriff's choice. Although the board sets the sheriff's budget, it cannot " 'dictate to the sheriff how that budget will be spent in the exercise of his duties.' *Chaffin v. Calhoun*, 262 Ga. 202, 203 (415 SE2d 906) (1992)." *Hill*, supra at 16, 17 (1) (a). It follows that the trial court did not err in declaring that the sheriff is

authorized to contract with IPS for the provision of medical services to inmates at the county jail.

2. It was not incumbent upon the sheriff to enter the contract with IPS upon the minutes of the board of commissioners. OCGA § 36-10-1 does not apply to a sheriff. See *Wilson v. Strange*, 235 Ga. 156, 161 (3) (219 SE2d 88) (1975).

3. The trial court did not abuse its discretion in enjoining the board from interfering with the sheriff's power to select the medical provider. See *Bailey v. Buck*, 266 Ga. 405 (467 SE2d 554) (1996) (appellate court will not interfere with grant or denial of injunctive relief in absence of manifest abuse of discretion). The absence of an adequate legal remedy is plain and palpable. Compare *Besser v. Rule*, 270 Ga. 473 (510 SE2d 530) (1999) (availability of monetary damages affords adequate and complete legal remedy) with *Sherrer v. Hale*, 248 Ga. 793 (285 SE2d 714) (1982) (adequate legal remedy lacking). Furthermore, the injunction is not overly broad, but is tailored to the facts and law of this case. See *Prime Bank v. Galler*, 263 Ga. 286, 289 (430 SE2d 735) (1993) (injunction should be crafted in manner least oppressive to defendant while protecting rights of plaintiff).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 6, 2008 —
RECONSIDERATION DENIED NOVEMBER 3, 2008.

*Beck, Owen & Murray, James R. Fortune, Jr.*, for appellant.
*Hecht, Mack & Harris, Gregory K. Hecht, Joe M. Harris, Jr., Walker, Hubert, Gray, Byrd & Christy, Charles W. Byrd, Patrick D. Deering, James F. Grubiak, Kemuel A. Kimbrough*, for appellee.